IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

BRYANT KEITH YOUNG,

      Plaintiff,

      v.                                    CIVIL ACTION NO. 1:23-cv-29

WEST VIRGINIA UNIVERSITY,
WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS and/or
DR. KATHLEEN O'HEARN RYAN,

      Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants West Virginia University ("WVU"), West Virginia University Board of Governors ("WVUBOG"), and Dr. Kathleen O'Hearn Ryan (collectively, "Defendants"), by counsel, submit this Memorandum of Law in support of their Motion to Dismiss the Complaint filed by Plaintiff Bryant Keith Young ("Plaintiff"). For the reasons set forth below, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

### I.    BACKGROUND[1] AND PROCEDURAL HISTORY

This is the second civil action filed by Plaintiff, asserting civil rights claims arising from his enrollment in an English 200 course at WVU. The defendants named in the present action,

---

[1] While Defendants accept the allegations in the Complaint as true for purposes of Rule 12(b)(6), Defendants strongly object to the accuracy of the allegations. Therefore, the facts set forth in this section are not intended to be dispositive of the facts, but simply to provide background for the Court to assist in understanding the pleadings.

which are the same as those named in Plaintiff's initial complaint, are WVU, WVUBOG, and Dr. Kathleen O'Hearn Ryan, an English professor at WVU.

Plaintiff is a 58-year-old African American male and former student at WVU. (Compl. ¶¶ at 2, 22.) During the Spring 2020 semester, Plaintiff was enrolled in Dr. Ryan's English 200 class. (*Id.* ¶ 10.) Sometime during that semester, Plaintiff asked several female students if they would be in an "independent short film" he was making. (*Id.*) Allegedly, these students "willingly and verbally agreed." (*Id.*) According to Plaintiff, he took one of the females "out to lunch to discuss the role" that she would play in his film project. (*Id.*) Thereafter, in early March 2020, Dr. Ryan allegedly informed Plaintiff that she had "received complaints that he . . . was pressuring some female students to be a part of a short film." (*Id.* ¶¶ 11–12.) Plaintiff alleges he told Dr. Ryan that the students agreed to be a part of his film and that "he saw talent" in them. (*Id.* ¶ 12.) In response, Plaintiff claims that Dr. Ryan told Plaintiff to "let [the students] use that talent for something else." (*Id.*)

Later in the semester, Dr. Ryan gave her English class a written assignment. (*Id.* ¶ 13.) For this assignment, Plaintiff alleges he wrote a poem with "sexual innuendos." (*Id.*) Dr. Ryan allegedly told Plaintiff he should not read his poem to the class and asked him to redo the assignment. (*Id.*) Plaintiff claims "Dr. Ryan did not want [him] to write a poem with sexual innuendo because . . . she decided Plaintiff was a sexual deviant and that [he] committed sexual malfeasance and that the students would be offended." (*Id.* ¶ 14.)

In July 2020, Plaintiff requested information from the Office of Student Conduct ("OSC") about the complaints made to Dr. Ryan. (*Id.* ¶ 17.) Specifically, "Plaintiff wanted an investigation of the student(s) who lied on [*sic*] him . . . and stated that he was pressuring them." (*Id.*) Per Plaintiff, the OSC informed him that no formal complaint had been made against him and, thus,

2

"the student(s) must have complained to Dr. Ryan . . . ." (*Id.* ¶ 18.) Plaintiff then spoke to the Director of Equity Assurance/Title IX Coordinator, who allegedly stated that Dr. Ryan had requested an investigation into Plaintiff for sexual misconduct, but that the request was denied. (*Id.* ¶¶ 20-21.)

Based on these allegations, Plaintiff's initial complaint, which was filed in the Northern District of West Virginia on March 15, 2021, and docketed as Case No. 1:21-cv-35, asserted five causes of action against Defendants for (1) denial of due process pursuant to 42 U.S.C. § 1983; (2) violation of freedom of speech pursuant to 42 U.S.C. § 1983; (3) age discrimination under Age Discrimination Act of 1975; (4) race discrimination under Title VI of the Civil Rights Act; and (5) making false, fictitious, or fraudulent claims in violation of 18 U.S.C. § 287. Defendants moved to dismiss Plaintiff's complaint,

On June 25, 2021, United States Magistrate Judge Michael J. Aloi entered a Report and Recommendation ("R&R"), recommending that Defendants' motion be granted. Specifically, Judge Aloi held that (1) Plaintiff's Section 1983 claims are barred because Defendants are entitled to immunity under the Eleventh Amendment; (2) the complaint fails to allege that Plaintiff was deprived of any protected liberty interest in his reputation because there are no facts that Defendants uttered or published any false statements that are derogatory to cause reputational hard; (3) the complaint fails to allege that Plaintiff was deprived of any protected property interest in his education; (4) Plaintiff failed to exhaust his administrative remedies with respect to his age discrimination claim; (5) the complaint fails to allege facts to support a reasonable inference of age or race discrimination by Defendants; (6) Plaintiff's claim of race discrimination improperly names Dr. Ryan; and (7) there is no private cause of action under 18 U.S.C. § 287. *Young v. W. Virginia Univ.*, No. 1:21-cv-35, 2021 WL 6882317, at \*1 (N.D.W. Va. June 25, 2021), *report and*

*recommendation adopted*, No. 1:21-cv-35, 2022 WL 816041 (N.D.W. Va. Mar. 17, 2022) (*Young I.*) On March 17, 2022, United States District Judge Thomas S. Kleeh entered a Memorandum Opinion and Order, adopting the Magistrate Court's R&R, granting Defendants' motion, and dismissing Plaintiff's action without prejudice. *Young v. W. Virginia Univ.*, No. 1:21-cv-35, 2022 WL 816041 (N.D.W. Va. Mar. 17, 2022).

Plaintiff then filed this second civil action on March 20, 2023. The present Complaint reasserts the same claims against the same Defendants for (1) age discrimination under the Civil Rights Act of 1964; (2) race discrimination under the Civil Rights Act of 1964; and (3) violation of free speech under 42 U.S.C. § 1983. (Compl. at ¶¶ 6-7, 22-23.) Plaintiff's present Complaint also asserts a claim for defamation based on the same allegations asserted in his first cause of action. (*Id.* ¶ 24.)

As discussed in detail below, Plaintiff's Complaint must be dismissed for several reasons. First, Plaintiff's claim of defamation is barred by the applicable one-year statute of limitations. Even if this claim were not time barred, the Complaint still fails to state a claim for defamation upon which relief can be granted. Third, Plaintiff's claims of age and race discrimination are premature and fail to state a claim upon which relief can be granted because, like in the first cause of action, Plaintiff has failed to exhaust his administrative remedies and the Complaint fails to allege sufficient factual allegations to support a reasonable inference of discrimination based on Plaintiff's age and race. Finally, Plaintiff's freedom of speech claim fails because Defendants are entitled to sovereign immunity under the Eleventh Amendment and, further, because WVU and WVUBOG are not "persons" within the purview of Section 1983—deficiencies that were also present in Plaintiff's first cause of action. For these reasons, Plaintiff's Complaint must be dismissed as a matter of law.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citation and internal quotation marks omitted).  Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement" does not suffice.  *Id.* (alteration in original) (citation and internal quotation marks omitted).  Instead, a complaint must plead facts that permit "the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In other words, a complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'"  *Id.* at 680.  Moreover, while courts must read pro se allegations in a liberal fashion, "a complaint is frivolous if it is without arguable merit either in law or in fact."  *Hartman v. Core Rover Officer*, No. 3:20-cv-226, 2021 WL 908272, at *1 (N.D.W. Va. Jan. 19, 2021), *report and rec'd adopted*, No. 3:20-cv-226, 2021 WL 614926 (N.D.W. Va. Feb. 17, 2021) (citations omitted).

## III.   ARGUMENT

### A.   Plaintiff's Defamation Claim Should Be Dismissed As Barred By the Statute of Limitations and For Failure to State a Claim Upon Which Relief Can Be Granted.

#### 1.   Plaintiff's defamation claim is barred by the one-year statute of limitations.

"An action for defamation is subject to a one-year statute of limitations under W. Va. Code 55-2-12."  *Garrison v. Herbert J. Thomas Mem'l Hosp. Ass'n*, 190 W. Va. 214, 438 S.E.2d 6, 13 (1993) (citations omitted).  "[I]n defamation actions, the period of the statute of limitations begins

5

to run when the fact of the defamation becomes known, or reasonably should have become known, to the plaintiff." *Padon v. Sears, Roebuck & Co.*, 186 W. Va. 102, 411 S.E.2d 245, 248 (1991) (adopting the "discovery rule" for defamation claims).

Plaintiff's defamation claim is based on the assertion that Dr. Ryan informed Plaintiff that she received complaints he was pressuring female students to be a part of his short film. (Compl. at ¶¶ 12, 24.) According to the Complaint, this statement was purportedly made by Dr. Ryan to Plaintiff in "early March 2020." (*Id.* ¶¶ 11-12.) The alleged defamatory statement immediately became known to Plaintiff because the alleged comment was made directly to him. (*Id.* ¶ 12.) Accordingly, to assert a timely claim, Plaintiff's defamation claim must have been filed by early March 2021. Plaintiff waited three years, however, to file this claim on March 20, 2023. (ECF No. 1.)

West Virginia's saving statute found at W. Va. Code § 55-2-18 does not salvage Plaintiff's time-barred claim because Plaintiff's present Complaint was not filed within one year of the Court's Memorandum Opinion and Order, dismissing Plaintiff's initial complaint, entered on March 17, 2022. Accordingly, because Plaintiff's present Complaint was untimely filed on March 20, 2023, and asserts an additional claim of defamation not raised in his initial complaint, such claim must be dismissed with prejudice. *Butterman v. Steiner*, 343 F.2d 519, 520 (7th Cir. 1965). Even more, Plaintiff's defamation claim was time-barred prior to the filing of his initial complaint in *Young I*. March 15, 2021, the date *Young I* was filed, is not within one year of "early March 2020", when the alleged defamatory statement was made. For these reasons, Plaintiff's defamation is barred by the statute of limitations and must be dismissed.

> **2.    The Complaint fails to state a claim for defamation because the alleged defamatory statement was not made to a third party and was a privileged communication.**

6

The essential elements of a defamation action by a private individual are "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." Syl. Pt. 5, *Zsigray v. Langman*, 243 W. Va. 163, 842 S.E.2d 716, 718 (2020) (quoting Syl. Pt. 1, *Crump v. Beckley Newspapers, Inc.*, 173 W. Va. 699, 320 S.E.2d 70 (1983)). Here, the Complaint fails to allege sufficient facts to raise an inference to satisfy the second element—a nonprivileged communication to a third party.

Plaintiff's defamation claim arises from Dr. Ryan's purported statement to Plaintiff himself that "she received complaints that he . . . was pressuring some female students to be a part of a short film." (Compl. at ¶¶ 12, 24.) There are no allegations in the Complaint that Dr. Ryan made this statement to a third party, only to Plaintiff. This deficiency was also recognized by the Magistrate Court in *Young I*:

> Plaintiff fails to specify any defamatory statements that were published. Plaintiff asserts that Defendant Ryan had internally determined Plaintiff was a "sexual deviant" and began her "investigation" accordingly, but there are no factual allegations that any of the Defendants uttered or published any false statements that are derogatory as to cause a reputation harm. At most, taking the facts of the Complaint as true, Defendant Ryan asked female students their impression of Plaintiff Young and Defendant Ryan inquired internally into suspected sexual misconduct.

*Young*, 2021 WL 6882317, at *8. Communication to a third party "'is an essential element of a cause of action for the tort of defamation because the essence of the tort is diminution of one's reputation in the eyes of others, and unless the defamatory matter is communicated to a third person there has been no diminution of reputation.'" *Belcher v. Wal-Mart Stores, Inc.*, 211 W. Va. 712, 720, 568 S.E.2d 19, 27 (2002) (quoting *Crain v. Lightner*, 178 W. Va. 765, 772, 364 S.E.2d 778, 785 (1987)). Because the Complaint fails to allege facts sufficient to raise a reasonable inference

7

that this alleged defamatory statement was made to a third party, Plaintiff's defamation claim must be dismissed under Rule 12(b)(6). *Iqbal*, 556 U.S. at 680.

Additionally, to the extent Plaintiff alleges that Dr. Ryan made this statement to WVU's Title IX Coordinator, any such statement about Plaintiff allegedly pressuring female students to be a part of his short film is a privileged communication and cannot provide the factual basis for a defamation claim. The Supreme Court of Appeals of West Virginia has addressed qualified privilege in *Dzinglski v. Weirton Steel Corp.*, 191 W. Va. 278, 445 S.E.2d 219 (1994):

> Qualified privileges are based upon the public policy that true information be given whenever it is reasonably necessary for the protection of one's own interests, the interests of third persons or certain interests of the public. A qualified privilege exists when a person publishes a statement in good faith about a subject in which he has an interest or duty and limits the publication of the statement to those persons who have a legitimate interest in the subject matter; however, a bad motive will defeat a qualified privilege defense.

*Id.* at Syl. Pt. 4. It is well-established that the existence or nonexistence of qualified privilege is a question of law for the court when there is no dispute as to the statement made and the publication. *Zsigray*, 842 S.E.2d at 726 (quoting *Swearingen v. Parkersburg Sentinel Co.*, 125 W. Va. 731, 26 S.E.2d 209, 215 (1943) and Syl. Pt. 7, *Crump v. Beckley Newspapers, Inc.*, 173 W. Va. 699, 703, 320 S.E.2d 70, 74 (1983)).

In *Belcher*, Wal-Mart was sued for defamation by a customer after an employee contacted the police based on the belief that the customer may have been engaging in a fraudulent scheme. 568 S.E.2d 19. The Supreme Court of Appeals determined that qualified privilege attached to the employee's statement to the police officer, explaining,

> [t]he Wal–Mart employees recognized a legitimate need to investigate a suspicious receipt in the context of the ongoing investigation into the theft of a similar computer from a Pennsylvania store by the use of a falsified receipt obtained from the Nitro store. The receipt used in the Pennsylvania connivance had been obtained from the Nitro store on the same date as the Appellant's receipt and was for the same item. Under those circumstances, we find that the communication to the

8

>police officer was privileged and such communication does not subject Wal–Mart to liability for defamation.

*Id.* at 27.

Here, according to WVU's Title IX reporting procedures, all faculty and staff at WVU are *required* to report incidents of sexual harassment to the Title IX Coordinator or the Office of Equity Assurance. (Ex. A, Equity Assurance, Resources and Reporting Options.)[2] Thus, like in *Belcher*, Dr. Ryan's alleged statement to the Title IX Coordinator is entitled to qualified privilege because it was made in good faith about Plaintiff in which Dr. Ryan had an obligation to report in the interest of third parties (the female students), and it was limited to the Title IX Coordinator, who had legitimate interest in any suspected incident of sexual harassment. Plaintiff does not allege that Dr. Ryan had a bad motive, whether malicious or misleading, when reporting her concern to the Title IX Coordinator. Nor are there any allegations in the Complaint that Dr. Ryan intended to damage Plaintiff's reputation. Rather, any statement made by Dr. Ryan to the Title IX Coordinator regarding Plaintiff's conduct arose from her ethical obligations as a faculty member at WVU and in the interest of her female students' safety, after receiving complaints from them that Plaintiff was pressuring them to play a role in his film. Even construing the Complaint in the light most favorable to Plaintiff, and accepting his allegations as true, Dr. Ryan's alleged statement is entitled to qualified privilege, and Plaintiff's defamation claim should be dismissed.

>**B.    Plaintiff's pleading and procedural deficiencies in *Young I* have not been cured in the present Complaint and, therefore, Plaintiff's claims of age and race discrimination and violation of freedom of speech fail for the reasons previously held by this Court.**

---

[2] The Court may take judicial notice of these reporting options because the information is "not subject to reasonable dispute" as such a "determination can be made by" resort to WVU's website at https://diversity.wvu.edu/equity-assurance/resources-and-reporting-options. *Wilson Works, Inc. v. Great Am. Ins. Grp.*, No. 1:11-cv-85, 2011 WL 13228274, at *1 n.2 (N.D. W. Va. July 20, 2011).

The remainder of Plaintiff's claims for age discrimination, race discrimination, and violations of freedom of speech were asserted in *Young I*. Defendants submit that for the same reasons held by the Court in *Young I*, Plaintiff's present Complaint should be dismissed as the deficiencies found there have not been corrected in the present action. Defendants reassert their arguments from *Young I* and the findings of the Court here.

### 1. The Complaint fails to assert a viable claim under the Age Discrimination Act.

Plaintiff asserts an age discrimination claim under the Civil Rights Act of 1964. Defendants construe Plaintiff's age discrimination claim as one under the Age Discrimination Act of 1975 ("ADA"), 42 U.S.C. § 6101, *et seq.* The ADA provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. In other words, a recipient of federal funds may not "use age distinctions or take any other actions which have the effect, on the basis of age, of . . . [d]enying or limiting individuals in their opportunity to participate in" a federally funded program or activity. 45 C.F.R. § 90.12(b)(2).

The ADA only permits a plaintiff to obtain injunctive relief and does not allow for the recovery of monetary damages. *See* 42 U.S.C. § 6104(e)(1) (creating private right of action "to enjoin a violation of this Act by any program or activity receiving Federal financial assistance"); *see also Montalvo–Padilla v. Univ. of Puerto Rico*, 498 F. Supp. 2d 464, 468 (D. Puerto Rico 2007) (noting that the private cause of action created by the ADA "is limited to injunctive relief and the recovery of attorney's fees"); *Tyrrell v. City of Scranton*, 134 F. Supp. 2d 373, 383 (M.D. Pa. 2001) ("the [ADA] cannot support an action for damages"); *Morris v. Leon N. Weiner & Assocs., Inc.*, No. 16-CV-2860, 2017 WL 1169522, at *3 (D. Md. Mar. 28, 2017) (same). Here,

10

Plaintiff does not seek injunctive relief but, rather, seeks compensatory monetary damages. Accordingly, his ADA claim fails to state a claim upon which relief can be granted.

Furthermore, prior to filing suit under ADA, a plaintiff must exhaust the administrative remedies set forth in 42 U.S.C. § 6104 and 45 C.F.R. § 90.50.[3] *See, e.g.*, *Brownscombe v. Dep't of Campus Parking*, 203 F. Supp. 2d 479, 483 (D. Md. 2002) (dismissing ADA claim for failure to exhaust administrative remedies); *Heckman v. Univ. of N. Carolina at Chapel Hill*, 19 F. Supp. 2d 468, 473 (M.D. N.C. 1998) (same). Plaintiff's Complaint does not indicate compliance with these procedures and exhaustion of his administrative remedies before filing the present lawsuit. As such, Plaintiff's claim is premature and not ripe for adjudication. *See Young*, 2022 WL 816041, at *3 (finding Plaintiff failed to exhaust his administrative remedies related to his age discrimination claim).

Finally, apart from Plaintiff's conclusory assertion that Dr. Ryan discriminated against him because he is a "much older student," (Compl. at ¶ 22), the Complaint contains no factual allegations to support a reasonable inference, or plausible claim, of age discrimination. Absent a rational connection to age, Plaintiff's allegations of age discrimination do not rise above speculation and, therefore, must be dismissed. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). *See also Young*, 2021 WL 6882317, at *11 ("Plaintiff's feelings and opinions, no matter how sincere, are insufficient for the purposes of Rule 12(b)(6).").

---

[3] Under 42 U.S.C. § 6104(e)(1), a person interested in bringing a claim under the ADA must "give notice by registered mail not less than 30 days prior to the commencement of that action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed." The notice must "state the nature of the alleged violation, the relief to be requested, the court in which the action will be brought, and whether or not attorney's fees are being demanded . . . ." 42 U.S.C. § 6104(e)(2).

### 2. Plaintiff's race discrimination claim is conclusory and, therefore, fails to state a claim.

Plaintiff alleges a similar claim for race discrimination under Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 § U.S.C. 2000d, *et seq*. Pursuant to 42 U.S.C. § 2000d, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." The objective of Title VI is "to avoid the use of federal funds to support discriminatory practices," and "to provide individual citizens with effective protection against those practices." *Cannon v. Univ. of Chicago*, 441 U.S. 677, 704, 99 S.Ct. 1946, 1961, 60 L.Ed.2d 560 (1979).

To state a claim under Title VI, a plaintiff must allege that "the defendant received federal financial assistance and that the defendant engaged in intentional discrimination based on race, color, or national origin." *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 844 (D.S.C. 2015) (citing *Alexander v. Sandoval*, 532 U.S. 275, 280, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001)). Intentional discrimination must be established by either presenting direct evidence of racial discrimination or proceeding under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See Glenn v. Wells Fargo Bank, N.A.*, 710 F. App'x 574, 576–77 (4th Cir. 2017).

Like his claim for age discrimination, Plaintiff fails to allege any factual detail to support his conclusory claim that Defendants discriminated against him based upon his race. *See Redd v. McDowell Cty. Bd. of Educ.*, 976 F. Supp. 2d 838, 852 (S.D.W. Va. 2013), *aff'd*, 561 F. App'x 278 (4th Cir. 2014) (dismissing conclusory Title VI claim); *Davis v. Malloy*, No. 3:17-CV-1740, 2018 WL 5793786, at *4 (D. Conn. Nov. 5, 2018) (dismissing Title VI claim, finding "[t]he allegations of discriminatory treatment . . . are conclusory and the plaintiff does not set forth any

facts or events that support them."). Therefore, because Plaintiff fails to state a claim under Title VI, this claim must be dismissed. *See Young*, 2022 WL 816041, at *4 ("The Court agrees with the Magistrate Judge that Plaintiff's complaint does not include factual content that would prove a prima facie case of Title VI race discrimination.").

Furthermore, "the proper defendant in a Title VI case is an entity rather than an individual." *Farmer v. Ramsay*, 41 F. Supp. 2d 587, 592 (D. Md. 1999). *See Alja-Iz v. Ramsey*, No. 3:14-CV-618, 2017 WL 6485803, at *13 (W.D. Ky. Sept. 13, 2017), *report and rec'd adopted*, No. 3:14-cv-618, 2017 WL 6504012 (W.D. Ky. Sept. 22, 2017) ("[I]ndividual defendants do not meet that definition and are not subject to liability under Title VI") (citation and quotation omitted). Accordingly, Plaintiff's Title VI claim fails to state a cognizable claim against Dr. Ryan. *See Young*, 2021 WL 6882317, at *12 (noting, "a claim against Defendant Ryan is not provided for by language of Title VI.").

### 3. Plaintiff's Freedom of Speech Claim Fail as a Matter of Law.

Plaintiff's claims pursuant to 42 U.S.C. § 1983 for a freedom of speech violation under the First Amendments fail for several reasons. First, Defendants are entitled to Eleventh Amendment immunity with respect to Plaintiff's § 1983 claims. Second, neither WVU nor WVUBOG are "persons" who may be sued under § 1983.[4] Each argument is addressed in turn.

### i. As a state official and arm of the state, Defendants are entitled to Eleventh Amendment immunity with respect to Plaintiff's claim for violation of freedom of speech under the First Amendment.

---

[4] Furthermore, it should be noted that, with respect to Plaintiff's First Amendment claim, courts are hesitant to step into issues arising from educators' decisions that require professional judgment and involve "legitimate pedagogical concerns." *Pompeo v. Bd. of Regents of the Univ. of New Mexico*, 852 F.3d 973, 977 (10th Cir. 2017) ("Federal courts 'do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values.'") (citing *Epperson v. Arkansas*, 393 U.S. 97, 104, 89 S.Ct. 266, 21 L.Ed.2d 228 (1968)).

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment refers only to suits by citizens of other states, it is well established that "an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." *Port. Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304, 110 S.Ct. 1868, 109 L.Ed.2d 264 (2009) (quotation and citation omitted). In addition to immunizing the states themselves, Eleventh Amendment sovereign immunity also extends to state agencies, officials, and other "arms of the State." *See W. Virginia Univ. Bd. of Governors ex rel. W. Virginia Univ. v. Rodriguez*, 543 F. Supp. 2d 526, 530 (N.D.W. Va. 2008). WVU and its Board are "arms and alter egos of the state," and are therefore entitled to the protections of the Eleventh Amendment. *Id.* at 535 (citing cases). Likewise, Dr. Ryan as a state official is entitled to immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself.") (citation omitted).

Plaintiff asserts his freedom of speech claim pursuant to 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for alleged violations of the constitution or laws of the United States. It is well established that "[§] 1983 does not abrogate the Eleventh Amendment immunity of the States." Syl. Pt. 1, *Quern v. Jordan*, 440 U.S. 332, 332, 99 S. Ct. 1139, 1141, 59 L. Ed. 2d 358 (1979). Moreover, Defendants have not consented to suit in this case. Accordingly, as this Court previously held in *Young I*, Defendants are immune from Plaintiff's constitutional claim under the Eleventh Amendment. *Young*, 2022 WL 816041, at *3.

### ii. WVU and WVUBOG are not "persons" within the meaning of Section 1983.

Plaintiff asserts his First Amendment claims pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, "acting under color of state law," violates "rights conferred by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Section 1983 liability attaches only to those "who carry a badge of authority of a State and represent it in some capacity." *McCoy v. Donahue*, No. 2:11-CV-00308, 2012 WL 929832, at *3 (S.D.W. Va. Mar. 19, 2012) (citing *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191, 109 S. Ct. 454, 461, 102 L. Ed. 2d 469 (1988)).

This Court has previously recognized that WVUBOG is not a "person" within the meaning of § 1983. *See Al-Asbahi v. W. Virginia Univ. Bd. of Governors*, No. 1:15-cv-144, 2017 WL 402983, at *10 n.23 (N.D.W. Va. Jan. 30, 2017), *aff'd*, 724 F. App'x 266 (4th Cir. 2018) (citations omitted); *see also Folse v. W. Virginia Univ.*, No. 2:19-cv-00488, 2019 WL 5295695, at *3 (S.D.W. Va. Sept. 27, 2019), *report and rec'd adopted*, No. 2:19-cv-00488, 2019 WL 5295697 (S.D.W. Va. Oct. 18, 2019). The Southern District of West Virginia has also recognized that WVU is not a "person" who may be sued under § 1983. *Folse v. W. Virginia Univ.*, No. 2:19-cv-00488, 2019 WL 5295695, at *3 (S.D.W. Va. Sept. 27, 2019), *report and recommendation adopted*, No. 2:19-cv-00488, 2019 WL 5295697 (S.D.W. Va. Oct. 18, 2019). Accordingly, Plaintiff's freedom of speech claims against WVU and WVUBOG fail to state a claim upon which relief can be granted and must be dismissed. *Young*, 2021 WL 6882317, at *7.

For these reasons, Defendants respectfully request that this Court grant their motion and dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants request that dismissal be made with prejudice as Plaintiff has failed to correct the deficiencies in his initial complaint.

Respectfully submitted this 11th day of May, 2023.

                                                    **WEST VIRGINIA UNIVERSITY, WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS and DR. KATHLEEN O'HEARN RYAN**

                                                    By Counsel

***/s/ Seth P. Hayes (W.Va. Bar No. 10381)***
Seth P. Hayes (W.Va. Bar No. 10381)
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV 26501
shayes@jacksonkelly.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

BRYANT KEITH YOUNG,

      Plaintiff,

      v.                                      CIVIL ACTION NO. 1:23-cv-29

WEST VIRGINIA UNIVERSITY,
WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS and/or
DR. KATHLEEN O'HEARN RYAN,

      Defendants.

## CERTIFICATE OF SERVICE

    I, Seth P. Hayes, counsel for West Virginia University, West Virginia University Board of Governors, and Dr. Kathleen O'Hearn Ryan do hereby certify that the foregoing **Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint** was electronically filed with the Clerk of the Court using the CM/ECF system, on this 11th day of May, 2023, to the following:

                Bryant Keith Young (pro se)
                3000 Greenridge Dr., Apt. 1638
                Houston, TX 77057

                                            */s/ Seth P. Hayes*
                                            Seth P. Hayes (W.Va. Bar No. 10381)