IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | | |
|---|---|---|
| BRYANT KEITH YOUNG | ) | |
| | ) | Civil Action No 1:23-cv-29 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **FILED** |
| | ) | |
| WEST VIRGINIA UNIVERSITY, WEST | ) | JUN 0 2 2023 |
| VIRGINIA UNIVERSITY BOARD | ) | |
| OF GOVERNORS, and/or DR. KATHLEEN | ) | U.S. DISTRICT COURT  WVND |
| O'HEARN RYAN, | ) | CLARKSBURG, WV 26301 |
| | ) | |
| | ) | |
| Defendants, | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Plaintiff, Bryant Keith Young, file this response in opposition to Defendants West Virginia University, West Virginia University Board of Governors, and/or Dr. Kathleen O'Hearn Ryan's motion to dismiss the complaint for failure to state a claim. For the reasons set forth below, Plaintiff's respectfully request that this Court deny Defendants' motion.

Defendant asserts that Plaintiff's claim of defamation is barred by the applicable one-year statute of limitations and even if the claim is not barred, the Complaint fails to state a claim for defamation. When Plaintiff mailed his Complaint via the United States Postal Service on March 14, 2023 (see attached Exhibit "A"), it was within the one-year statute of limitation of the first complaint (*Young v. W. Virginia Univ.*, No. 1:21-cv-35, 2022 WL 816041 (N.D.W. Va. Mar. 17, 2022). The United States Postal Service is in error because the Complaint was mailed on time, subsequently, did not reach the Courts on time. Also, the Defendants' actions by Dr. Kathleen O'Hearn Ryan ("Dr. Ryan") of investigating Plaintiff for trying to film a project that included both male and female students, damaged Plaintiff's good reputation, as well as his character. Dr. Ryan's

accusations about Plaintiff were untrue and affected Plaintiff's ability to perform as a student. Dr. Ryan's actions led to slander, libel and character assassination.

Defendant also asserts that the claims of age and race discrimination are premature and fail to state a claim upon which relief can be granted because Plaintiff has failed to exhaust his administrative remedies and the Complaint fails to allege sufficient factual allegations to support a reasonable inference of discrimination based on Plaintiff's age and race. The Plaintiff is over 40 years old and he is African American. The average college age student is typically between 17 to 24 years old. Plaintiff was 56 years old at the time of his enrollment in Dr. Ryan's English 200 class. In 2020, West Virginia University ("WVU") had an enrollment of 17,023 undergraduate students, 812 of whom were African American. That means WVU's African American population of students were about 7% black, at that time. Plaintiff feels that had he been Caucasian (white) Dr. Ryan would have not "singled him out" and investigated him. And because of his "age", Dr. Ryan made it an issue and tried to warn the female students in her class to be "cautious" of him; thus, asking the students to report any suspicious activity by the Plaintiff to her. This constitutes both age and race discrimination.

Defendant further asserts that Plaintiff's freedom of speech claim fails because Defendants are entitled to sovereign immunity under the Eleventh Amendment and, further, because WVU and WVUBOG are not "persons" within the purview of Section 1983—deficiencies that were also present in Plaintiff's first cause of action. WVU is an educational institution. Plaintiff believed that he was not being treated fairly by Dr. Ryan. He reached out WVUBOG (Board of Governors) to bring to their attention about accusations of him being investigated by Dr. Ryan, treated unfairly and being singled out by her. WVUBOG failed to recognize Plaintiff's concerns and denied him

a hearing to resolve these issues, which Plaintiff adamantly requested. Thus, WVUBOG is responsible for not remedying Dr. Ryan's actions towards Plaintiff.

None of Defendants' theories are meritorious. Plaintiff would like to remind the court that he extended class participation and would "praise" his fellow students, even praising Dr. Ryan constantly. There were times after class, Plaintiff would approach Dr. Ryan and "*commend*" her on her lecturing style and express to her how much he loved the class, all the while being unaware that she fully investigated him and had meetings with the female students concerning him. This resulted in the female students questioning his integrity. These investigative tactics that Dr. Ryan was using was causing female students to see the Plaintiff as a criminal. The way Dr. Ryan warned the students made them believe that she knew something about the Plaintiff that they did not (such as a criminal background). This was a total fabrication, and Dr. Ryan manipulated the minds of these young students because she does not know anything about said Plaintiff and he does not have any criminal background of any kind. Dr. Ryan totally lied on Plaintiff and did not have any reason because Plaintiff met her [Dr. Ryan] the same day the rest of the class met her, which was the first day of class. Dr. Ryan manipulated these young minds, hoping they would stay away from Plaintiff, believing that he was a criminal, which was a total lie. Plaintiff is hoping for his day in court.

Plaintiff would also like to add that it came to his attention that Dr. Ryan was communicating with the female students and warning them to be careful concerning Plaintiff. She was also "*planting seeds*" that caused them to look at the Plaintiff totally different and even as a potential criminal. Plaintiff believes that these tactics were intended to bring division between him and the female students. It did cause division because they began to look at and even treat him differently. Nevertheless, the Plaintiff continued to look at his fellow students with admiration

and respect. When the Plaintiff learned that Dr. Ryan went to the Sexual Misconduct Department, he asked the Student Misconduct Department to investigate any female students who may have filed a false sexual misconduct complaint against him. He even asked the Student Misconduct Department to investigate any false accusations, even if these false accusations were told to just Dr. Ryan and not any other misconduct department. He was constantly rebuffed and told that there was never any sexual misconduct complaints against him. This only explains that Dr. Ryan attempted to get him investigated for sexual misconduct to James Goines (Head of the Sexual Misconduct Department) without any accusations. Dr. Ryan proceeded on her *own* accord. Her actions brought so much division and for what reason? Plaintiff believes that it was race, age and gender. The Plaintiff was coming to class every Tuesday and Thursday not even knowing that he was being viewed by his fellow female classmates as a potential criminal. The Plaintiff would like to reiterate that he does not have any criminal record at all and has never been to prison nor has never been on trial for any crime. Any thoughts of him being a potential criminal, was all fabricated by Dr. Kathleen Ryan.

There was an incident in the class where some of the female students, who all were Caucasian, began to talk about situations of how they were treated badly by a family member. One of the female students stated that when she was younger, her younger sister stabbed her under the eye and she had to be rushed to the emergency room. She proceeded to state how her younger sister is mean and is always causing trouble around the household. She even stated that her younger sister had so much deviant behavior, she referred to her as the "Spawn of Satan." After that class, Plaintiff approached Dr. Ryan and Plaintiff stated to her, "did you hear that? That is really some bad behavior." Plaintiff felt very concerned. Dr. Ryan looked at Plaintiff straight in the face and stated, "Oh, she didn't mean that." Dr. Ryan had given this younger sister (who

4

stabbed her older sister, to a point where she had to be rushed to the hospital and for the years after that, had caused confusion in the household, according to the older sister), the benefit of the doubt. When it came to Plaintiff's situation, just wanting to make a short film (PG-rated), Dr. Ryan advised the female students not to do it because they may be in some sort of danger. The Plaintiff is a professional actor and knows the process of film making. Why didn't Dr. Ryan give him the benefit of the doubt?; a man who does not possess any criminal record and is extremely law abiding. It is safe to assume that Dr. Ryan was giving the Caucasian young lady (who stabbed her sister) the benefit of doubt, rather than give it to a big, Black man, who is a professional. According to Plaintiff's opinion, her discrimination is obvious. Just to note: after that, when Plaintiff saw the student (Emily), he asked about her younger sister out of concern, hoping not hear more news about destructive behavior. Plaintiff did that out of concern. He could have easily moved forward with his own life. Plaintiff really cared about his fellow students.

      When Plaintiff first complained to WVUBOG about this situation, they never responded. Plaintiff complained through contacting them via email. Plaintiff was looking for a response and thought they would arrange a meeting between Plaintiff, Dr. Ryan and the four (4) young ladies in the class who he asked to be a part of his film project. Would you believe the Board of Governors never contacted Plaintiff? After he threatened to go the media about this situation, that is when WVUBOG's secretary told Plaintiff that she had referred this situation to their attorney and that he was to contact their attorney. Why did they quickly refer this over to their attorney? Plaintiff was always told in his former college that a tuition-paying student can go before the Board of Governors for any important situation that he or she deemed necessary. Why would they refer this situation directly to their attorney and Plaintiff had not even decided whether he was going to sue or not? If Plaintiff had done anything wrong to these young ladies (sexual or otherwise), Plaintiff

would have been prosecuted to the full extent of the law. Now that everyone sees that Dr. Ryan was wrong in her assumptions about Plaintiff, they are all trying to sweep this case under the rug. Spewing a little sarcasm, "the Plaintiff feels that he is not important enough and maybe that is because he is just an older Black man." Plaintiff just want to relay some information – before Dr. Ryan called the female students to her office, these Caucasian female students treated Plaintiff with admiration, respect and trust. There were even one or two male students who felt that some of female students had a "*crush*" on the Plaintiff.

These are many reasons why a trial may be necessary in this serious situation.

## CONCLUSION

Defendants' motion to dismiss should be rejected, as Defendants' arguments are meritless. Defendant Dr. Ryan did wrong. Her actions were uncalled for and should not be ignored. She is an educator and did not act as such. An educator is a person who provides instruction or education. Dr. Ryan was well out of her ranks when she chose to investigate Plaintiff (on a personal level) and have him investigated in what "she thought" was a concern, which proved to be untrue.

Plaintiff was treated unfairly. Dr. Ryan's actions caused Plaintiff to suffer psychological and emotional damage to his repetition. Plaintiff refuses to walk away not vindicated, and it should be the Court's discretion and responsibility to award Plaintiff damages.

For the foregoing reasons, Plaintiff respectfully request that the Court deny Defendants' motion to dismiss the complaint.

Dated: June 1, 2023

Respectfully submitted,

*/s/ Bryant Keith Young*
Bryant Keith Young, *Pro Se*
Quillove@aol.com
3000 Greenridge Drive, Apt. 1638
Houston, TX  77057
Phone:  (347) 684-6738

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** was served upon counsel of record for Defendants, by mailing copies, first class postage attached, addressed as follows:

>Seth P. Hayes (W.Va Bar No. 10381)
>Attorney for Defendants
>JACKSON KELLY PLLC
>150 Clay Street, Suite 500
>Morgantown, WV 26501
>shayes@jacksonkelly.com

The 1st day of June, 2023.

>/s/ *Bryant Keith Young*
>Bryant Keith Young, *Pro Se*