IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

BRYANT KEITH YOUNG,

    Plaintiff,

    v.                                                                                         CIVIL ACTION NO. 1:23-cv-29

WEST VIRGINIA UNIVERSITY,
WEST VIRGINIA UNIVERSITY
BOARD OF GOVERNORS and/or
DR. KATHLEEN O'HEARN RYAN,

    Defendants.

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

    Defendants West Virginia University ("WVU"), West Virginia University Board of Governors ("WVUBOG"), and Dr. Kathleen O'Hearn Ryan (collectively, "Defendants"), by counsel, submit this response in opposition to Plaintiff's Motion for Leave to File Amended Complaint.  Plaintiff's proposed Amended Complaint seeks to assert an additional claim for denial of due process under the Fourteenth Amendment but, otherwise, does not attempt to correct the deficiencies presented in his initial Complaint, as set forth in Defendants' Motion to Dismiss and supporting memorandum.  (ECF Nos. 12, 13.) Moreover, the due process claim is also deficient and, thus, the amended pleading would be futile.

    As set forth in Defendants' memorandum of law in support their Motion to Dismiss, this is the second civil action filed by Plaintiff arising from his enrollment in Dr. Ryan's English 200 course at WVU.  (ECF No. 13.)  Plaintiff's first civil action, docketed as Case No. 1:21-cv-35, also asserted a denial of due process claim pursuant to 42 U.S.C. § 1983, among others.  Defendants

moved to dismiss Plaintiff's complaint. The United States Magistrate Judge Michael J. Aloi entered a Report and Recommendation ("R&R"), recommending that Plaintiff's complaint be dismissed. Specifically, as to Plaintiff's due process claim, the Magistrate Court held that Defendants are entitled to immunity under the Eleventh Amendment and the complaint fails to allege that Plaintiff was deprived of any protected liberty or property interest. *Young v. W. Virginia Univ.*, No. 1:21-cv-35, 2021 WL 6882317, at *5-9 (N.D.W. Va. June 25, 2021), *report and recommendation adopted*, No. 1:21-cv-35, 2022 WL 816041 (N.D.W. Va. Mar. 17, 2022) (*Young I*.) The United States District Court entered a Memorandum Opinion and Order, adopting the Magistrate Court's R&R, granting Defendants' motion, and dismissing Plaintiff's action without prejudice. *Young v. W. Virginia Univ.*, No. 1:21-cv-35, 2022 WL 816041 (N.D.W. Va. Mar. 17, 2022). Plaintiff's proposed Amended Complaint, which is based on the same allegations asserted in *Young I*, fails for the same reasons.

**A. Defendants are entitled to Eleventh Amendment immunity.**

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment refers only to suits by citizens of other states, it is well established that "an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." *Port. Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (2009) (quotation and citation omitted). In addition to immunizing the states themselves, Eleventh Amendment sovereign immunity also extends to state agencies, officials, and other "arms of the State." *See W. Virginia Univ. Bd. of Governors ex rel. W. Virginia Univ. v. Rodriguez*, 543 F. Supp. 2d 526, 530 (N.D.W. Va. 2008).

WVU and the Board are "arms and alter egos of the state," and are therefore entitled to the protections of the Eleventh Amendment. *Id.* at 535 (citing cases). Likewise, Dr. Ryan as a state official is also entitled to immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself.") (citation omitted).

Plaintiff seeks to assert a due process claim pursuant to 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for alleged violations of the constitution or laws of the United States. It is well established that "[§] 1983 does not abrogate the Eleventh Amendment immunity of the States." Syl. Pt. 1, *Quern v. Jordan*, 440 U.S. 332, 332 (1979). Moreover, Defendants have not consented to suit in this case. Accordingly, under the Eleventh Amendment, Defendants are immune from Plaintiff's claim pursuant to 42 U.S.C. § 1983.

**B. Plaintiff's due process claim fails to allege any facts supporting a denial of life, liberty, or property.**

The Constitution provides that a State may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Evaluation of a claim for violation of the right to due process entails a two-step inquiry:

> [T]he reviewing court must first determine if a property or liberty interest has been sufficiently alleged to determine whether constitutionally protected process is due. If one or both has been sufficiently alleged, then the court must determine whether the plaintiff has sufficiently alleged that the process he received was constitutionally inadequate.

*Doe v. Alger*, 175 F. Supp. 3d 646, 656 (W.D. Va. 2016) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–71 (1972); *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 314 (4th Cir. 2012)). Here, the proposed Amended Complaint claims Plaintiff was deprived of a liberty interest in his reputation because he was "denied an opportunity . . . to have a hearing before the Board to

3

explain why Plaintiff was investigated by Dr. Ryan" and a property interest in education by having to rewrite a poetry assignment. (Proposed Am. Compl. at ¶ 23.) These allegations are insufficient.

As to a protected liberty interest in one's reputation, *Alger* is instructive. There, the court noted that Doe alleged a substantial stigma because of James Madison University finding him responsible for sexual misconduct, which would be included on his permanent record and shared with other universities. 175 F. Supp. 3d at 658. Nonetheless, this stigma by itself was insufficient to create a protected liberty interest; instead, Doe needed to allege "a reputation injury (the stigma), accompanied by a state action that distinctly altered or extinguished a legal status or right (the plus)." *Id.* at 660 (citing *Shirvinski*, 673 F.3d at 315; *Doe v. Rector & Visitors of George Mason Univ.*, 132 F. Supp. 3d 712, 721–23 (E.D. Va. 2015)). Furthermore, except in the context of public employment, the legal status or right that is altered or extinguished must have been created by statute. *Id.* (citing *Paul v. Davis*, 424 U.S. 693, 708–11 (1976)). Applying this "stigma plus" standard, the court found that Doe had not alleged sufficient facts to establish a constitutionally protected liberty interest. *Id.* at 660–61 (finding, "although the action may have affected his private employment prospects and could impair his future employment opportunities, there was no change in his legal status"). *Cf. Rector*, 149 F. Supp. 3d at 622 (holding that a student's *expulsion* from a public university, coupled with accusations of sexual misconduct, implicated a protected liberty interest).

Here, Plaintiff's claim is similar. He has not claimed that Dr. Ryan's actions (i.e., allegedly requesting a Title IX investigation) tarnished his reputation, as there is no basis to conclude (nor an allegation) that this information was shared with anyone outside Plaintiff, Dr. Ryan, and the two involved confidential entities, Student Conduct and the Title IX coordinator. *See Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 312 (4th Cir. 2006) (finding that a statement

4

damaging to one's reputation implicates a liberty interest only if "publicly disclosed"). Rather, it appears that the only way the information surrounding these actions was ever made known to the public was through Plaintiff's filing of his Complaint in *Young I* and the present action.

Further, Plaintiff has not identified an interference with his property interest in education sufficient to state a due process claim. As previously established by the Magistrate Court, "an action causing interference with one's educational property interest triggering a due process claim would be an action interfering with the continuation or completion of one's education, such as the suspension or expulsion of a student without proper procedure." *Young*, 2021 WL 6882317, at *9. Plaintiff alleges that he was instructed to not to read a poem to the class and required to rewrite the poem. Plaintiff, however, graduated from WVU with a Bachelor of Arts degree in 2020 and, thereafter, received an MBA from WVU in 2022. (Proposed Am. Compl. at ¶ 2.) Plaintiff has not alleged any interference with the continuation or completion of his education at WVU, nor does he allege that any property interest in education was harmed by the alleged actions of Defendants.

For these reasons, the Court should deny Plaintiff's Motion for Leave to File an Amended Complaint as futile.

Respectfully submitted this 2nd day of June, 2023.

> **WEST VIRGINIA UNIVERSITY, WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS and DR. KATHLEEN O'HEARN RYAN**
>
> By Counsel

*/s/ Seth P. Hayes* (W.Va. Bar No. 10381)
Seth P. Hayes (W.Va. Bar No. 10381)
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV 26501
shayes@jacksonkelly.com